UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FREDERICK SILVER,

    Plaintiff,

vs.

CASE NO: **97-8349**

CIV-GRAHAM

DAVID CUNARD, a.k.a DAVID GOOCH,
individually, THE COUNCIL FOR MUSICAL
THEATER, a California Corporation,
RECORDS LTD., JOHN DOE CORPORATION A,
JOHN DOE CORPORATION B,

    Defendants.

MAGISTRATE JUDGE

_____/

## COMPLAINT

COMES NOW the Plaintiff, FREDERICK SILVER, by and through the undersigned counsel, and sues Defendants, DAVID CUNARD, individually, THE COUNCIL FOR MUSICAL THEATER, a California Corporation, RECORDS LTD., JOHN DOE CORPORATION A, JOHN DOE CORPORATION B, and states:

### GENERAL ALLEGATIONS

1) That this is an action for copyright infringement and unfair competition arising under the laws of the United States of America including Title 17, United States Code, § 101, et seq., and Title 15, United States Codes, § 1051, et seq., as well as the laws of the State of Florida.

2) That this Court has subject matter jurisdiction over the Plaintiff's copyright infringement and unfair competition claims pursuant to 28 U.S.C. § 1338(a) and (b). This Court has supplemental jurisdiction over the Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a) as these claims are part of the same case or controversy under Article III of the United States Constitution.

3) That venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1400(a). Venue in the Southern District of Florida is also proper pursuant to 28 U.S.C. § 1391(a) in that the individual Defendant, DAVID CUNARD is, upon information and belief, an alien.

4) That the Defendant, DAVID CUNARD, a.k.a DAVID GOOCH, is an individual and is the registered agent for service of process, as well as the sole officer and director, of corporate Defendant, THE COUNCIL FOR MUSICAL THEATER.

5) That Defendant, THE COUNCIL FOR MUSICAL THEATER, is the alter ego of Defendant, DAVID CUNARD, and that THE COUNCIL FOR MUSICAL THEATER is a corporation organized and existing under the laws of the State of California, having its corporate address at 7348 Matilija Ave., Van Nuys, California, and doing business in the State of Florida.

6) That Defendant, RECORDS LTD., is, upon information and belief a limited partnership doing business in the State of Florida.

7) That Defendant, JOHN DOE CORPORATION A, upon information and belief, is a foreign corporation doing business under the pseudonym "AEI" in the State of Florida.

8) The Defendant, JOHN DOE CORPORATION B, upon information and belief, is a limited partnership doing business in the State of Florida under the pseudonym "The Copyright Conservate, Ltd."

9) The Plaintiff, FREDERICK SILVER, is a composer, author, and individual residing and domiciled in the Southern District of Florida, and is a resident of said State.

10) In or around 1974, Plaintiff composed and authored the musical score and lyrics to a musical revue originally titled, "In Fast Company". The work was copyrighted by Plaintiff in 1974. (See Exhibit "A").

11) Plaintiff later added additional lyrics and changed the title of the revue from "In Fast Company" to "In Gay Company". The revue was again copyrighted, this time under the new title. (Exhibit "B").

12) The Plaintiff's musical revue subsequently played in New York, Washington D.C., Chicago, and Los Angeles. The musical received favorable reviews from critics such as Rex Reed and John Simon, and was favorably reviewed by publications such as the New York Times, the Washington Post, the Daily News, and the Hollywood Reporter.

13) In or around 1984 a limited number of LP Records were produced by a company called WEB Records. That limited number of records was distributed by an entity known as Records, Ltd. This was the only time the Plaintiff's musical revue reduced to a fixed medium and sold for profit with the Plaintiff's knowledge.

14) In or around 1997 Plaintiff discovered copies of his musical revue being sold for profit in the fixed medium of a compact disc.

15) Plaintiff discovered these compact discs for sale in Boca Raton, Florida at a Sam Goody's, a retail record store.

16) The compact disc label states that the disc is "A presentation of the Council for Musical Theater: An AEI production courtesy of the Copyright Conservate Ltd. owner of the sound

recording contained herein: all rights of the producer and owner of the works reserved." The compact disc label also claims a copyright dated 1995 with the claimant being Copyright Conservate, Ltd.

17) The cover of the compact lists the distributor as being Defendant RECORDS, LTD., and states that the disc's serial number is AEI-CD 028.

## COUNT I
## COPYRIGHT INFRINGEMENT IN VIOLATION OF
## 17 U.S.C. § 501 et seq.

18) Plaintiff hereby realleges paragraphs one (1) through (17) and incorporates them herein.

19) Upon information and belief the Defendants, individually and severally, manufactured and caused to be distributed a compact disc "In Gay Company".

20) That the Defendants' compact disc is a direct copy and reproduction in a fixed medium of the Plaintiff's musical revue originally written and copyrighted in 1974.

21) At all times the Plaintiff was and still is the owner and proprietor of all right, title, and interest in and to the said copyright, including the music and lyrics comprising the musical revue and said copyright is valid and subsisting in full force and effect.

22) Without the consent, approval, or license of the Plaintiff, the Defendants have infringed upon the Plaintiff's musical revue, created by the Plaintiff and owned by the Plaintiff and subject to the attached copyright. Upon information and belief, the Defendants have caused to be printed, copied,

distributed, and sold to the public, copies of the compact discs which are infringing upon the copyright of the Plaintiff.

23) Such printing, copying, and distribution have been done by the Defendants for the purposes of financial and pecuniary gain.

24) Upon information and belief, the Defendant is in possession of additional infringing compact discs and continues to distribute them throughout the State of Florida and elsewhere in the United States.

25) Upon information and belief, the Defendants' infringement was knowing, willful, and intentional, and done with prior knowledge of the Plaintiff's copyright.

26) The Defendants' infringement of the Plaintiff's copyright has caused the Plaintiff monetary damages in an amount thus far not determined, but thought to be in excess of one hundred thousand ($100,000.00) dollars.

WHEREFORE, the Plaintiff respectfully request that this Court:

a) Pursuant to the provisions of 17 U.S.C. § 502 permanently enjoin the Defendants, their agents, servants, and employees and all parties in privity with them from infringing Plaintiffs' copyright as evidence by Copyright Registrations Eu 525112 and Ep 362162, in any manner including but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting, or advertising any copies of the copyrighted work, which copes include, but are not limited to the compact discs referred to herein; or by causing and/or participating in such manufacture, reprinting, publishing, vending, distributing, selling, promoting, or advertising by others;

b)  Pursuant to the provisions of 17 U.S.C. § 503 the Defendants be required to deliver up to be impounded during the pendency of this action all infringing copies of Plaintiff's copyrighted musical revue and thereafter to deliver up for destruction all copies of the compact discs infringing on the copyrighted publication;

c)  Pursuant to the provisions of 17 U.S.C. § 504(c)(1) and/or § 504(c)(2) statutory damages in the amount supported by the evidence;

d)  That the Defendants be required to pay the Plaintiff's costs and reasonable attorney's fees incurred in pursuing this action and;

e)  That the Plaintiff have such other and further relief as this Court may deem just and necessary.

## COUNT II
### UNFAIR COMPETITION

27) Plaintiff hereby realleges paragraphs one (1) though (17) and paragraphs nineteen (19) through twenty five (25) and incorporates them herein.

28) Plaintiff, through his own efforts and labors, created and wrote the musical revue "In Gay Company".

29) Upon information and belief Defendants obtained an LP recording of the musical revue and subsequently reproduced the review in a compact disc form.

30) Defendants have placed the compact disc on the market for public sale and purchase through nationwide retail stores.

31) The Defendants' actions are violative of Fla.Stat. § 540.11, which prohibits piracy of recordings.

32) As a result of the Defendant's piracy, the Plaintiff's opportunities to market and sell his musical revue to the public have been greatly diminished, and the Plaintiff has lost the cost of creating the original musical score and lyrics.

WHEREFORE the Plaintiff respectfully requests that this Court enter judgement against the Defendants.

Respectfully submitted,

_____
Bernard Lebedeker, Esq.,
FEINGOLD & KAM
Fla. Bar No: 0042950
603 Village Blvd., Ste. 302
West Palm Beach, Fl., 33409
Tel: (407) 686-1995
Attorney for Petitioner

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE